UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher David Ray Franklin,       Case No. 3:25-cv-2001

    Plaintiff

v.       **MEMORANDUM OPINION AND ORDER**

City of Bellevue, *et al.*,

    Defendants

**Background**

On September 19, 2025, *pro se* Plaintiff Christopher Franklin filed this action against the City of Bellevue, the Bellevue Municipal Court, the Bellevue Police Department, and the "Sandusky County Jail/Sheriff's Department." (Doc. No. 1). His complaint pertains to traffic proceedings brought against him in Bellevue Municipal Court. In his complaint, Plaintiff states that, in November 2024, he received a traffic citation for driving under FRA (Financial Responsibility Law) suspension. (*Id.* at 2, ¶ IV). In July 2025, he was convicted on the charge after a bench trial and sentenced to 30 days in jail, with 20 days suspended and 10 days to be served on weekends. (*Id.*). On September 5, 2025, after he failed to appear for "weekend jail" "[d]ue to work obligations," he was arrested at his home and jailed pursuant to a contempt warrant. (*Id.*). Through this action, he alleges his rights were violated in various ways in connection with his arrest and conviction in Bellevue Municipal Court and seeks damages and injunctive relief.

1

With his complaint, Plaintiff filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (Doc. No. 3). In this motion, Plaintiff states he faces another contempt hearing in Bellevue Municipal Court presenting him "with imminent risk of further incarceration." (*Id.* at ¶ II). He asks this Court to "stay" the scheduled Municipal Court contempt hearing, enjoin Defendants from enforcing any further contempt orders or requiring him to serve further jail time, and for "punitive damages of $250,000 per day for each day of [his allegedly] unlawful incarceration." (*Id.* at ¶ V).

Plaintiff did not pay the filing fee in the case, but instead, filed a motion to proceed *in forma pauperis*. (Doc. No. 2). I will grant this motion even though it does not appear Plaintiff completely filled out the form and his responses on the motion are somewhat unclear.

For the following reasons, his complaint is dismissed and his motion for a temporary restraining order and preliminary injunctive relief is denied.

## Standard of Review and Discussion

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all in forma pauperis complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required

2

to conjure allegations or construct claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

In addition, federal courts are courts of limited jurisdiction have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Upon review, I find that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to § 1915(e)(2)(B) and *Apple*.

Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must decline to exercise subject matter jurisdiction when doing so would unduly interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. 401 U.S. at 44-45. Federal court abstention is warranted if: (1) a state proceeding is on-going; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise federal concerns. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The factors warranting federal-court abstention are present here. Plaintiff is clearly asking this Court to interfere with pending state traffic court proceedings, which are of paramount state importance. *See Younger*, 401 U.S. at 44-45. And Plaintiff has not set forth facts plausibly alleging that he cannot raise any legitimate federal concerns he has in the context of the state proceedings. I find no extraordinary basis to, and will not, interfere with or intervene in an on-going state municipal criminal traffic proceeding and find Plaintiff's complaint warrants dismissal on the basis of *Younger*. *See Moore v. City of Garfield Heights*, No. 12-cv-1700, 2012 WL 5845369, at * 5 (N.D. Ohio

Nov. 19, 2012) (dismissing § 1983 claims arising from municipal court traffic, criminal, and small claims proceedings).

Beyond this, Plaintiff has not alleged a claim cognizable in a civil rights action under 42 U.S.C. § 1983. To the extent Plaintiff seeks to overturn a state conviction, or to be relieved from a state traffic court sentence, his sole federal remedy is a petition for a writ habeas corpus after he has fully exhausted his claims in the state courts. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Bey v. Weisenburger*, No. 3:23 CV 356, 2023 WL 3601911, at *3 (N.D. Ohio May 23, 2023) (dismissing a plaintiff's civil rights complaint challenging the legality of his arrests and convictions in Norwalk Municipal Court). Plaintiff cannot seek relief from a state conviction or sentence in a federal civil rights action under § 1983.

Plaintiff, also, has alleged no plausible damages claim. A plaintiff cannot pursue claims for damages in a federal civil rights action under § 1983 if such claims are premised on a wrongful state conviction or sentence, unless the plaintiff first demonstrates that his conviction or sentence has already been overturned on direct appeal in the state courts or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *see also Bey*, 2023 WL 3601911, at *3. Plaintiff has not demonstrated that his Municipal Court traffic conviction or sentence have been reversed or called into question in either of these ways. Accordingly, his complaint alleges no cognizable civil rights claim upon which he may be granted relief under § 1983.

In light of my determination that Plaintiff's complaint fails to allege a cognizable civil rights claim under and § 1983 and that federal abstention is warranted under *Younger*, Plaintiff's motion for a temporary and preliminary injunctive relief is denied. Preliminary injunctive relief is an "extraordinary and drastic remedy" and should "only be awarded upon a clear showing that the plaintiff is entitled to such relief," which I do not find Plaintiff has demonstrated here. *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017).

**Conclusion**

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* is granted, (Doc. No. 2), his "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" is denied, (Doc. No. 3), and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and *Apple v. Glenn,* 183 F.3d 477. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/Jeffrey J. Helmick
United States District Judge